IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

TYRONE D. HEARD                                                                    PETITIONER
Reg. #04872-025

v.                                      2:21-cv-00026-LPR-JJV

DEWAYNE HENDRIX, Warden,
FCI – Forrest City Low[1]                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.    PROCEDURAL HISTORY**

On March 10, 2016, Petitioner Tyrone D. Heard was sentenced to concurrent terms of thirty-three months' imprisonment and twenty-four months' imprisonment after admitting to

---

[1] John P. Yates has replaced Dewayne Hendrix as Warden of the Federal Correctional Institution – Forrest City Low. The Clerk is directed to amend the docket to substitute him as the respondent.

violating conditions of supervised release in the United States District Court for the Southern District of Illinois. *United States v. Heard*, 3:07-cr-30161-NJR-PMF-1 (S.D. Ill. Mar. 10. 2016). On June 19, 2017, in a separate case also in the Southern District of Illinois, he was sentenced to a term of 151 months' imprisonment after a guilty plea. *United States v. Heard*, 3:16-cr-30062-NJR-1 (S.D. Ill. June 19, 2017). This subsequent sentence was ordered to run concurrently with the earlier one. *Id*.

Mr. Heard is currently serving these sentences at the Forrest City Low Federal Correctional Institution. On January 8, 2019, he submitted a Request for Administrative Remedy, initiating the process of the Bureau of Prisons' Administrative Remedy Program. (Doc. No. 1 at 12.) He claimed the BOP had miscalculated his total time by failing to run his sentences concurrently as ordered. (*Id*.) The Warden responded on January 27, 2019, explaining the computation of Mr. Heard's aggregated sentence. (*Id*. at 15-16.) On February 11, 2019, Mr. Heard submitted an appeal to the Regional Director. (Doc. No. 5-1 at 4.) The appeal was denied on February 28, 2019. (*Id*.)

On July 18, 2019, Mr. Heard submitted a belated appeal to the General Counsel. (Doc. No. 1 at 17.) *See* 28 C.F.R. § 542.15(a) ("An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response."). On August 1, 2019, the General Counsel rejected the appeal but did not list untimeliness as a reason. (Doc. No. 1 at 23.) Instead, the appeal was rejected because Mr. Heard failed to submit all required copies of the BP-11 form and failed to provide a copy of the appeal to the Regional Director and the Regional Director's response. (*Id*.) *See* 28 C.F.R. § 542.15(b)(1) (Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP-11) and

accompanied by one complete copy or duplicate original of the institution and regional filings and their responses."). The rejection notice informed Mr. Heard he could resubmit his appeal in proper form within fifteen days. (Doc. No. 1 at 23.) On August 26, 2019, he belatedly resubmitted the appeal. (*Id*. at 19.) It was again rejected on September 24, 2019, due to Mr. Heard's failure to include a copy of his appeal to the Regional Director and the Regional Director's response. (Doc. No. 5-1 at 5.)

Mr. Heard filed the instant 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se* on March 22, 2021. (Doc. No. 1.) He claims his administrative remedy appeals were rejected "because of alleged timeliness issues," despite the fact that he placed each one in the prison's mail system on time. (*Id*. at 5.) He argues he is unable to address the "serious discrepancy" with his sentence because of the BOP's reliance on a "technicality" that is outside of his control. (*Id*. at 7.) For relief, he asks the Court to compel the BOP to "allow the continuation of the appellate process so that all means of remedy administratively can be exhausted." (*Id*. at 11.) After careful consideration of the Petition and Response (Doc. No. 5), I recommend relief be denied. Mr. Heard's Petition should be dismissed without prejudice.

II.   **ANALYSIS**

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for

Administrative Remedy." *Id*. at § 542.13(a).  Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level.  *Id*. at § 542.14(a).  Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director."  *Id*. at § 542.15(a).  Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel."  *Id*.  An inmate may seek judicial review only after exhausting each of these steps.  *United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

Mr. Heard acknowledges he did not complete every step of the Administrative Remedy Program.  He suggests his efforts were frustrated, but he is mistaken about the reason for the rejection of his appeal to the General Counsel.  Although his appeal at that level was untimely, it was rejected for other reasons – namely, his failure to include the required number of copies of the form, and his failure to include copies of his appeal to the Reginal Director and the corresponding response.  When he resubmitted the appeal, Mr. Heard again neglected to include copies of the regional filings.  Mr. Heard does not offer any explanation for these deficiencies, nor does he argue they should be excused.[2]  Additionally, Mr. Heard does not offer any authority supporting his request that this Court compel the BOP to "allow the continuation" of the administrative remedy process.  In short, the reason the process did not continue is attributable to Mr. Heard, not the BOP.

---

[2] When he resubmitted his appeal to the General Counsel, Mr. Heard included the following notation:  "No response was physically received for BP-10."  (Doc. No. 1 at 19.)  It is unclear whether Mr. Heard intended for this to explain why he did not attach the Regional Director's response, but, in any event, it does not account for the fact that he also failed to attach his regional-level appeal.

As Respondent points out, Mr. Heard is free to begin the administrative remedy process anew if he seeks to resolve the ongoing issue of his sentence computation. Only after he completes all the steps that the BOP holds out, and does so properly so that the BOP addresses the issue on its merits, can he seek judicial review. *Woodford*, 548 U.S. at 90. Because he failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his Petition should be dismissed without prejudice.

### III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Heard's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

DATED this 14th day of July 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE